UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MARK A. PATTON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.:  3:21-CV-222-TAV-DCP |
| SAMANTHA TURNER, BRANDON OWENS, and COMMUNITY PROBATION SERVICES, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendants' Motion to Dismiss on Behalf of Community Probation Services ("CPS"), Brandon Owens, and Samantha Turner [Doc. 45].[1] Plaintiff has not responded to this motion to dismiss, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). Also before the Court is plaintiff's Motion to Recuse [Doc. 49]. For the reasons explained below, plaintiff's motion for recusal [Doc. 49] will be denied, defendants' motion to dismiss [Doc. 45] will be granted, and this case will be dismissed with prejudice as to these remaining defendants.

**I.     Background**

In his complaint, plaintiff alleges that on February 10, 2020, he was charged with one count of aggravated burglary and one count of aggravated assault in Roane County, Tennessee [Doc. 1, p. 1]. That same day, plaintiff paid a bonding company $3,000 and

---

[1] The Court previously dismissed all claims relating to the other defendants named in the complaint [Doc. 35].

was released from the Roane County jail pending trial [*Id.*].  According to plaintiff, beginning on May 18, 2021, the defendants "did unlawfully conspire and did agree with each other in an extremely deadly felony conspiracy to unlawfully commit felony extortion" and violated his Fifth and Fourteenth Amendment rights to due process, as well as his Eighth Amendment rights against excessive fines and cruel and unusual punishment [*Id.* at 2].  Plaintiff states that defendants made him fear serious bodily injury or death by telling him that he would be immediately arrested and placed in the Roane County jail if he did not sign a pretrial order that required him to pay monies to CPS prior to any lawful conviction [*Id.*].  Plaintiff asserts that such actions violate the federal criminal statutes of 18 U.S.C. §§ 1951, 1952 [*Id.*].  Plaintiff contends that these actions caused extreme emotional distress as well as substantial economic, physical, and emotional injuries [*Id.*].  Plaintiff purports to bring his claims under 42 U.S.C. §§ 1983 and 1985, for violations of his Fifth, Eighth, and Fourteenth Amendment rights [*Id.* at 1].  Plaintiff attaches a copy of the pretrial order he signed "under duress," as well as a receipt for payment to the CPS [Doc. 1-1] and a newspaper article involving federal criminal charges against another Roane County judge [Doc. 1-2].

## II. Legal Standard

Defendants have brought a motion to dismiss, in relevant part, under Federal Rule of Civil Procedure 12(b)(6).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Although this standard does not require 'detailed factual allegations,'

2

it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Generally, under this Court's local rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. However, the Sixth Circuit has held that, in the context of a motion to dismiss under Rule 12(b)(6), a moving party must meet its initial burden under the Federal Rules, even if an adverse party fails to respond. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Accordingly, despite plaintiff's failure to respond to the motion, the Court will analyze whether defendants have met their burden under Rule 12(b)(6).[2]

## III. Analysis

### A. Recusal

Before turning to defendants' motion to dismiss, the Court will first address plaintiff's motion for recusal [Doc. 49]. In his motion, plaintiff contends that he filed a subpoena for the testimony of the undersigned at the trial scheduled for March 14, 2023. Plaintiff appears to contend that this subpoena causes the undersigned's impartiality to be reasonably questioned, and therefore, warrants recusal under 28 U.S.C. § 455(a).

Recusal is governed by 28 U.S.C. § 455. This section divides recusal grounds into two categories: "[w]hile § 455(b) is concerned with the reality of bias, prejudice, interest or relationship; in contrast, § 455(a) is concerned only with the appearance of impartiality."

---

[2] The Court is also mindful that plaintiff is proceeding pro se, and, as such, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, plaintiff's pro se status does not exempt him from the requirement of complying with relevant rules of procedural and substantive law. *Felts v. Cleveland Housing Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

4

*Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1062 (N.D. Ill. 2004). It appears that plaintiff's motion falls under § 455(a).

A "judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise. The burden is not on the judge to prove that he is impartial." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (citations omitted). Recusal under § 455(a) is warranted only "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009) (internal quotations omitted). Accordingly, "the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

Further, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Arrowood Indem. Co. v. City of Warren, Mich.*, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (internal quotations omitted). This is so, because the disqualification decision must reflect "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons[.]" *Id.* (quoting *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)).

Here, plaintiff's attempt to subpoena the undersigned to testify at the trial of this matter would not cause a reasonable and informed person to question the undersigned's impartiality in this matter. The Court previously addressed plaintiff's attempt to subpoena

5

both the undersigned and Magistrate Judge Debra C. Poplin to testify in this matter, and respectively declined to comply with plaintiff's request for testimony, citing the *Guide to Judiciary Policy* [Doc. 38]. In so doing, the Court noted that plaintiff had provided no information explaining the nature of the testimony sought from the undersigned, the relevance of such testimony, or why the testimony is not available through other means [*Id.* at 2]. The Court further stated that a review of the complaint does not provide any indication that the undersigned was involved in the underlying allegations [*Id.*]. Based on this same explanation, the Court perceives no reason that plaintiff's issuance of the now-declined subpoena to the undersigned would create cause for recusal in this matter. Moreover, the Court notes that plaintiff himself elected to seek to subpoena the undersigned, without explanation, and permitting recusal on this ground would effectively permit plaintiff to engage in the strategic issuance of subpoenas to disqualify a judicial officer, which the recusal rules seek to avoid. Accordingly, plaintiff's motion for recusal [Doc. 49] is **DENIED**.

    **B.    Failure to State a Claim**

        **1.    Section 1983**

Defendants argue that plaintiff has failed to state a claim under § 1983 [Doc. 46, p. 3]. Defendants argue that the complaint fails to allege that defendants personally engaged in active unconstitutional conduct, and, indeed, none of these defendants are specifically mentioned in the complaint's factual basis [*Id.*]. Defendants also contend that

6

there is no allegation that any conduct by CPS employees was based on a policy of custom of CPS, and therefore, CPS cannot be held vicarious liable under § 1983 [*Id.* at 4–6].

Section 1983's purpose is to guard against the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (quoting *United States v. Classic*, 313 U.S. 325, 326 (1941)). It provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. A plaintiff must plead and prove two elements to state a cause of action: (1) that a person has deprived him of a federal right, and (2) that the person has done so under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Section 1983 does not support claims based on *respondeat superior*. *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Moreover, this rule applies equally to private corporations. *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992)).

As to Turner and Owens, the complaint merely lists "Samantha Turner – Probation Officer for . . . CPS" and "Brandon Owens – Probation Officer for . . . CPS" as defendants in this action, but provides no specific allegations as to either Turner or Owens [Doc. 1]. Instead, the complaint generally states that "the above mentioned defendants . . . did unlawfully conspire . . . in an extremely deadly felony conspiracy to unlawfully commit felony extortion and [violate various constitutional rights] . . . by stating to the plaintiff that he would be immediately arrested . . . if [he] did not sign a pre-trail [sic] order that would require [him] to premature [sic] pay monies to [CPS]" [*Id.* at 1–2]. Plaintiff also generally asserts that "defendants . . . did unlawfully agree with . . . [Judge Acree and Sheriff Stockton] . . . to adjourn, suspend the court, to leave the courtroom and to return to the courtroom to unlawfully further a racketeer influenced and corrupt organization" [*Id.* at 2]. Ultimately, these allegation does not state a plausible claim for relief under § 1983.

As to plaintiff's claims that Turner and Owens conspired with other defendants to "further a racketeer influenced and corrupt organization," and "unlawfully commit felony extortion" and violate various constitutional rights, such language can be characterized as merely formulaic and conclusory language, as plaintiff provides no further detail as to how the defendants furthered such alleged organization, extortion, or constitutional violations. And, the pleading standards of Rule 8 "require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg.*, 579 F.3d at 609. Further, as to plaintiff's allegation that Turner and Owens conspired with other defendants to "adjourn, suspend the court, to leave the courtroom and to return to the courtroom," it is

8

unclear how this conduct could plausibly be a violation of plaintiff's constitutional rights. Plaintiff provides no further clarification as to how Turner or Owens deprived him of a federal right, as required by § 1983. Accordingly, the Court finds that plaintiff has not stated a claim for relief under § 1983 as to Turner or Owens, and plaintiff's § 1983 claim against Turner and Owens is therefore **DISMISSED**.

As to CPS, as noted *supra*, this private entity cannot be liable under § 1983 on a theory of *respondeat superior*, and, instead, plaintiff is required to show that CPS's policy or custom was the moving force behind the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. Plaintiff's complaint contains no specific allegations as to CPS, but merely alleges that all defendants conspired to "require the plaintiff to prematurely pay monies to Community Probation Services prior to any lawful conviction" [Doc. 1, p. 2]. Plaintiff does not even attempt to allege that the supposed violations of his constitutional rights were caused by any CPS custom or policy. Accordingly, the Court finds that plaintiff has not stated a claim for relief under § 1983 as to CPS, and plaintiff's § 1983 claim against CPS is therefore **DISMISSED**.

### 2. Section 1985

Defendants also contend that plaintiff has not stated a claim for relief under § 1985, because he has not alleged any race- or class-based animus drove the alleged conspiracy, as required by the statute [Doc. 46, pp. 8–9].

To prove a claim under 42 U.S.C. § 1985(3), a plaintiff must establish:

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal

9

> protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Plaintiff must also demonstrate that the conspiracy was motivated by class-based animus. *Id.* Section 1983(3) requires intent to deprive of equal protection, meaning a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action;" it is not intended to apply to all tortious, conspiratorial interferences with others' rights. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiff alleges no facts to support any class-based animus in his complaint. Instead, as to his § 1985 claim, plaintiff appears to simply allege that defendants generally conspired to violate various constitutional rights in the course of his pretrial hearing and pretrial release order [Doc. 1]. Because class-based animus motivation is a required element of a claim under § 1985, the Court finds that plaintiff has not stated a claim for which relief can be granted under § 1985, and therefore, plaintiff's § 1985 claim is **DISMISSED**.

### IV. Conclusion

For the reasons set forth above, the Court will **DENY** plaintiff's Motion to Recuse [Doc. 49] and **GRANT** defendants' Motion to Dismiss on Behalf of Community Probation Services ("CPS"), Brandon Owens, and Samantha Turner [Doc. 45]. Plaintiff's claims are **DISMISSED with prejudice** as to these defendants. As there are no remaining defendants

10

or claims at this juncture, the Clerk of Court will be **DIRECTED** to **CLOSE** this case. An appropriate order will follow.

ENTER:

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE

11